IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____X

FREEDOM MORTGAGE CORPORATION
*Debt Buyer and or Debt Collector*
      *Movant*

    vs.

Hericson Torres and Leigh Torres
*Record Owner*
      *Respondent*

_____X

**NEW MATTER**

Case Number: 5:25-BK-00501-MJC
Case Filed: February 27, 2025

## RESPONDENT'S NEW MATTER

AND NOW, this 27th day of March, 2025, here comes Respondent's, Hericson Torres and Leigh Torres, *in propria persona*, to file this New Matter to Movant's Motion for Relief and, in support thereof, aver as follows:

1. Respondent's hereby incorporate by reference Respondent's Answer/Response to Movant's Motion for Relief including all averments and exhibits, as though set forth herein at length.

2. Respondent's hereby incorporate by reference Respondent's Formal Notice of Disputed Debt & Impending Legal Action with Interrogatories and a Discovery Request, as though set forth herein at length.

3. The so-called Movant's Motion for Relief filed by KML Law Group, P.C. lacks authority. There Motion for Relief lacks a statement, affidavit or complaint with signature from the alleged "client."

4. **Attorneys can't testify.** Statements of counsel in brief or in oral argument are not facts before the court. (*see*: United States v. Lovasco (06/09/77), 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed. 2d 752.) (*see*: Gonzales v. Buist (04/01/12), 224 U.S. 126, 56 L.Ed. 693, 32 S.Ct. 463.) (*see*: Holt v. United States (10/31/10), 218 U.S. 245, 54 L.Ed. 1021, 31 S.Ct. 2.)

5. KML Law Group, P.C. has not provided any proof or evidence that it was hired by or authorized to represent Freedom Mortgage Corporation. *See Frazier v. Heebe (1987) and United States v. Kojayan (9th Cir. 1993).*

6. KML Law Group, P.C. shall provide a Letter of Retention or Power-of-Attorney as proof that they represent the Movant. In *Hansen v Hansen, 233 Cal. App 2d 575 (1965)* the court held that an attorney must have proper authority to represent a client, and opposing parties can challenge this authority. In *re Estate of Spadafora, 44 A.D.2d 769 (N.Y. App. Div. 1974)* the court affirmed that an attorney's authority to at on behalf of a client can be contested by other parties. In *Angelina County v. McFarland, 374 S.W.2d 417, 422-23 (Tex. 1964)* the Texas Supreme Court recognized that a party may challenge an attorney's authority to represent a client, emphasizing the importance of ensuring that suits are prosecuted or defended by properly authorized individuals.

7. Freedom Mortgage Corporation has not shown possession of a note endorsed to it or endorsed in blank or containing language stating that it is bearer paper.

8. Freedom Mortgage Corporation is not the owner of the debt therefore lacks the right to enforce the security instrument.

9. A "real party in interest" is one who "has the power to discharge the claim upon which suit is brought and to control the prosecution of the action brought to enforce rights arising under the claim." Collins v. Allstate Indemn Co., 626 A.2d 1162, 1166 (Pa. Super. 1993).

10. Freedom Mortgage Corporation admitted on May 10, 2024, "*Freedom Mortgage does not have the right to relieve you of your mortgage payment obligations without the approval of the federal agencies for which we provide servicing activities.*"

11. Freedom Mortgage Corporation admitted on May 10, 2024, "we service your mortgage for the government-sponsored enterprise or housing agency that owns your loan."

12. Freedom Mortgage Corporation has failed to comply with Pennsylvania Rule of Civil Procedure 2002 which provides that all actions in the Commonwealth Courts be prosecuted by and in the name of the real party in interest, "without distinction between contracts under seal and parol contracts." See Pa. R.C.P. 2002(a); JP Morgan First Horizon, N.A. v. Murray, 63 A.3d 1258 (Pa. Super. 2013). JP Morgan First Horizon, N.A. v. Murray, 63 A.3d 1258, 1264 (Pa. Super. 2013); CitiMortgage, Inc. v. Barbezat, 131 A.3d 65, 68 (Pa. Super. 2016); Gerber v. Piergrossi, 142 A.3d 854 (Pa. Super. 2016); Wells Fargo Bank, N.A. v. Lupori, 8 A.3d 919, 922 n.3 (Pa. Super. 2010); U.S. Bank N.A. v. Mallory, 982 A.2d 986, 994 (Pa. Super. 2009).

13. Title 204, Chapter 81, Rule 1.2. Scope of Representation and Allocation of Authority Between Client and Lawyer. Rule 1.2(d): A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent.
14. Michael T. McKeever is Treasurer of KML Law Group, P.C. Michael T. McKeever knows that it is unlawful to bring an action in the name of a party other than "real party in interest." (see 32:34 to 33:28 of 4a. Avoiding Foreclosure – Defective Foreclosure Documents (Part 1) by Pennsylvania Legal Aid Network. The video is found at https://youtu.be/fJTr5RcYss8?si=Anrrh6sO-Qzc1PSn. (copy and paste link to watch)
15. KML Law Group, P.C. does not represent the "real party in interest" of the debt. KML Law Group, P.C. knows that Freedom Mortgage Corporation is not a "real party in interest."
16. KML Law Group, P.C. knows that Freedom Mortgage Corporation is not in possession of a note endorsed to it or endorsed in blank or containing language stating that it is bearer paper. This is fraud upon the Court.
17. KML Law Group, P.C. has attached a "Note" and "Mortgage" to Movant's Motion for Relief. The so-called "Note" and "Mortgage" appear to be digitally and physically altered non-original documents. Respondent's are not familiar with those documents.
18. The so-called signatures on the "Note" and "Mortgage" attached by KML Law Group, P.C. are not Respondents signatures. Respondent's are not familiar with those documents.
19. Respondent's did not authorize or sign either so-called Assignment of Mortgage. Respondent's became aware of the so-called Assignments in late 2023.
20. **The defective Assignment of Mortgage dated November 27, 2019.** The Assignment of Mortgage was made by Jared Fink as "Assistant Secretary of MERS as Mortgagee / Nominee for Prime Lending, A Plains Capital Company. The document was notarized by South Carolina Notary Public known as Destiny Adams (SC Notary Public # 0050044120). This Assignment of Mortgage is riddled with signs of fraud. First, Jared Fink is not and was never employed at/by Mortgage Electronic Registration Systems ("MERS"). Second, Jared Fink's signature does not match other non-related documents inspected by Respondent's. Third, the entity named in the Assignment of Mortgage as Assignor did not own the Mortgage at the day of the Assignment of Mortgage. Fourth, the Assignment of Mortgage was not notarized lawfully. Fifth, the Assignment of

P a g e  3 | 13

Case 5:25-bk-00501-MJC    Doc 29    Filed 03/28/25    Entered 03/28/25 08:54:55    Desc
Main Document    Page 3 of 14

Mortgage was completed with the use of "robo-signers." Sixth, the so-called "Mortgage" does not state that "MERS" is "Nominee." The name Jared Fink appears on multiple Assignment of Mortgage documents as "Assistant Secretary" allegedly employed at MERS or other entities. The Assignment of Mortgage only assigns the "Mortgage" known as the "Security Instrument." The Respondent's challenge the validity of this defective Assignment of Mortgage and request Employment Records and Employment Agreement to prove Jared Fink was authorized to perform the Assignment of Mortgage and to inspect the signature thereof. The Respondent's hereby claim that this Assignment of Mortgage is evidence of fraud.

21. The Assignment of Mortgage dated November 27, 2019, is defective rendering any subsequent Assignment of Mortgage null and void.

22. **The defective Assignment of Mortgage dated August 3, 2022.** The Assignment of Mortgage was made by Lateef Smith as "Coordinator, Lien Release" of Freedom Mortgage Corporation as Attorney In Fact for Roundpoint Mortgage Servicing Corporation. The document was notarized by New Jersey Notary Public known as Carla Johnson (NJ Notary Public # 50044120). The Assignment of Mortgage is riddled with signs of fraud. First, Lateef Smith is not and was never employed at/by Freedom Mortgage Corporation as Attorney In Fact for Roundpoint Mortgage Servicing Corporation. Second, Lateef Smith's signature does not match other non-related documents inspected by Respondent's. Third, the entity named in the Assignment of Mortgage as Assignor did not own the Mortgage at the date of the Assignment of Mortgage. Fourth, the Assignment of Mortgage was not notarized lawfully. Fifth, the Assignment of Mortgage was completed with the use of "robo-signers." Sixth, the Assignment of Mortgage states that "the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage" and "the assignor's interest under the Security Interest." The Assignment of Mortgage only assigns the "Mortgage" known as the "Security Instrument." Seventh, the Assignment of Mortgage dated November 27, 2019, is defective rendering any subsequent Assignment of Mortgage null and void. The name Lateef Smith appears on multiple Assignment of Mortgage documents as "Assistant Secretary" or "Vice President" or "Coordinator, Lien Release" allegedly employed at MERS and other entities. The Respondent's challenge the validity of this defective

Assignment of Mortgage and request Employment Records and Employment Agreement to prove Lateef Smith was authorized to perform the Assignment of Mortgage and to inspect the signature thereof. The Respondent's hereby claim that this Assignment of Mortgage is evidence of fraud.

23. "PrimeLending" did not assign the "Note" and "Mortgage" to Freedom Mortgage Corporation.
24. Respondent's did not assign the "Note" and or "Mortgage" to Freedom Mortgage Corporation.
25. Movant, Freedom Mortgage Corporation, lacks standing due to improper Mortgage Electronic Registration Systems ("MERS") assignment of the mortgage. MERS is only Mortgagee of the original lender for the purpose of recording the Mortgage and has no authority to assign the Note.
26. The so-called "Note" and "Mortgage" have been bifurcated (split).
27. The so-called "Note" does not mention Mortgage Electronic Registration Systems ("MERS").
28. "MERS" does not have control or possession of the so-called "Note."
29. As per the so-called "Mortgage" page 1, Definitions, Section A: "Security Instrument" means this document.
30. As per the so-called "Mortgage" page 1, Definitions, Section C: "MERS" is the mortgagee under this Security Instrument.
31. As per the so-called "Mortgage" page 2, Definitions, Section E: "Note" means the promissory note signed by the Borrower.
32. As per the so-called "Mortgage" page 2, Definitions, Section G: "Loan" means the debt evidenced by the Note.
33. The first time Respondent read the so-called "Note" and "Mortgage" was on March 27, 2025. Respondent's have not completed review of the documents yet.
34. The Movant's Motion for Relief should be denied for failure to attach all conveyances.
35. The Movant has failed to follow or has violated 21 P.S. § 351 which requires that such conveyances be publicly recorded in the county recorder of deeds offices. Specifically, Respondent's are challenging the practice by which "MERS" serves as the mortgagee of record in the public land records as the "nominee" for a lender and lenders successors and assigns and thereby circumvents the need to record the transfer of the so-called "Note" each time it is sold.

36. The Movant's Motion for Relief fails to allege and or provide documentation evidencing a valid assignment, and there are no averments as to the nature of the purported assignment or evidence of consideration.
37. The Movant's Motion for Relief should be denied due to lack of standing.
38. The Movant's Motion for Relief should be denied due to lack of injury.
39. The Movant's Motion for Relief should be denied due to its failure to state a claim upon which relief can be granted.
40. Respondent's are hereby demanding an Evidentiary Hearing.
41. Respondent's, Hericson Torres and Leigh Torres, are not a corporation, government agency, non-profit organization, partnership, trust, created fiction, franchise or any other entity created by law.
42. Respondent's property is non-core.
43. Movant, Freedom Mortgage Corporation, is a corporation registered with the Pennsylvania Department of State as a Foreign Business Corporation.
44. The President, Owner and CEO of Freedom Mortgage Corporation is Stanley C. Middleman.
45. Movant, Freedom Mortgage Corporation, is a debt collector. As per 15 U.S.C. § 1692a. Definitions: The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.
46. Movant, Freedom Mortgage Corporation, is not the creditor. As per Brent J. Lemon, Esq. of KML Law Group, P.C., "The Mortgage has been assigned as follows: Assigned to Freedom Mortgage Corporation on August 3, 2022, recorded in Monroe County on August 4, 2022, Book 2615, Page 1409."

47. Movant, Freedom Mortgage Corporation, in this case, is not a creditor. As per 15 U.S.C. § 1692a(4): A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include a person to the extent that he receives an assignment or transfer of the debt in "defaults" solely for the purpose of facilitating collection of such a debt for another."

48. Movant, Freedom Mortgage Corporation, admitted that (1) "On January 15, 2020, the aforesaid mortgage was again declared in default and the firm of KML Law Group, P.C., was retained to institute a foreclosure action on behalf of the Secured Creditor" and (2) "The Mortgage has been assigned as follows: Assigned to Freedom Mortgage Corporation on August 3, 2022, recorded in Monroe County on August 4, 2022, Book 2615, Page 1409."

49. Movant, Freedom Mortgage Corporation, asserts they have a claim to a debt that was in default for over 30 months before they were "assigned" it.

50. Movant, Freedom Mortgage Corporation, admitted the debt was in default before they were "assigned" it.

51. KML Law Group, P.C. has chosen to use the term "Secured Creditor" instead of the alleged "creditors" name in order to deceive "others less experienced." The FDCPA protects the least sophisticated consumer. The law was not "made for the protection of experts, but for the public – that a vast majority of which includes the ignorant, the unthinking and the credulous." *Florence Mfg. Co. v. J.C. Dowd & Co. 2 Cir., 178 F. 73, 75 (1910)*; and the "fact that a false statement may be obviously false to those who are trained and experienced does not change its character nor take away it's power to deceive others less experienced." *Federal Trade Commission v Standard Education Soc., 203 U.S. 112, 116. Jeter v. Credit Bureau, Inc., 760 F. 2d 1168 (11th Cir. 1985)*.

52. KML Law Group, P.C. has falsely represented the character, amount and or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

53. Movant, Freedom Mortgage Corporation, has falsely represented the character, amount and or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

54. Respondent's hereby incorporate by reference the Federal Debt Collection Practices Act as though set forth herein at length.

55. The Movant's claims are barred by the Doctrine of Unclean Hands.

56. The FDCPA mandates that debt collectors must provide comprehensive verification of a debt upon a consumer's request. This verification entails a detailed accounting of the debt owed, including but not limited to a signed affidavit or a legally binding declaration that confirms the accuracy and ownership of the debt. The absence of such documentation directly contravenes the stipulations set forth by the FDCPA, rendering any attempts to collect said debt not only unethical but unlawful.

57. The notice and validation rights and of the debt collection purpose are required in a litigation context even if the first communication is service of a Summons and Complaint. It is not material that the initial communication occurs through litigation. The notice and validation rights are required regardless of the debt collector's preference to litigate rather than send a demand letter.

58. Respondent is not in default with the lender.

59. Respondent is not in default with the creditor.

60. The amount that the Movant alleges is due is not a true and accurate accounting, and therefore the Respondent's demand that the Movant verifies the alleged debt and provides a detailed accounting of the alleged debt. The Respondent's submit that the unverified debt is unconscionable and that allowing the Movant to sue would be inequitable and against public policy.

61. The Movant's Motion for Relief is barred by the Doctrine of Acord and Satisfaction.

62. Respondent incorporates by reference § 3-311. Accord and Satisfaction by use of Instrument as though set forth herein at length.

63. The Movant's Motion for Relief failed to state a claim for Quantam Meruit upon which relief can be granted. The Movant would receive actual funds than Movant is otherwise entitled to receive, if any, by collecting the amount sought in it's Motion for Relief and or Judgment. The burden shifts to the Movant to prove that said charges are correct and authorized.

64. The Movant's Motion for Relief failed to state a claim for Unjust Enrichment upon which relief can be granted. The Movant would receive actual funds than Movant is otherwise entitled to receive, if any, by collecting the amount sought in it's Motion for Relief and or Judgment. The burden shifts to the Movant to prove that said charges are correct and authorized.

P a g e 8 | 13

Case 5:25-bk-00501-MJC    Doc 29    Filed 03/28/25    Entered 03/28/25 08:54:55    Desc
Main Document    Page 8 of 14

65. The Respondent's claim Lack of Privity as Respondent's never entered into any contract or agreement with the Movant.
66. The Movant's Motion for Relief fails to state a claim for Account Stated upon which relief can be granted. The Account Stated is not the loan number. The loan number is incorrect or has been changed by the Movant.
67. The Movant's Motion for Relief and each cause of action therein is barred by the Doctrine of Equitable Estoppel.
68. The Movant's Motion for Relief and each cause of action therein is barred on the basis of failure of consideration. (Proof of Funding has been requested)
69. The Respondent's demand return of the Collateral at its over collateralization amount (as per the Borrower-In-Custody program). The pledged collateral is the *draft* misclassified as a promissory "Note."
70. The Respondent is demanding off-set/recoupment.
71. Respondent's have a handicap as he and she lack the ability to read, write or speak in legalese.
72. <u>Judicial Notice:</u> Judiciary Act (1789), Section 32: And be it further enacted, That no summons, writ, declaration, return, process, judgment, or other proceedings in civil causes in any of the courts of the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects, or want of form in such writ, declaration, or other pleading, return, process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe.
73. Respondent's hereby invoke his and her Seventh Amendment right. In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury

shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

74. Respondent's hereby invoke § 6 of The Constitution of Pennsylvania. Trial by jury shall be as heretofore, and the right thereof remain inviolate. The General Assembly may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case. Furthermore, in criminal cases the Commonwealth shall have the same right to trial by jury as does the accused.

WHEREFORE, the Respondent's, Hericson Torres and Leigh Torres, *in propria persona*, respectfully request that this Court deny Movant's Motion for Relief. The Respondent's further request any other relief that the Court deems just and proper.

Date: March 27, 2025  
              _____  
              Respondent, Hericson Torres, *in propria persona*  
              325 Five Springs Road, Stroudsburg, PA 18360

Date: March 27, 2025  
              _____  
              Respondent, Leigh Torres, *in propria persona*  
              325 Five Springs Road, Stroudsburg, PA 18360

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____X

FREEDOM MORTGAGE CORPORATION
*Debt Buyer and or Debt Collector*  **ORDER**
    *Movant*

   vs.  Case Number: 5:25-BK-00501-MJC
Case Filed: February 27, 2025

Hericson Torres and Leigh Torres
*Record Owner*
    *Respondent*
_____X

**ORDER**

**AND NOW,** this ___ day of _____, 2025 upon consideration of Respondent's Response to Movant's Motion for Relief and New Matter thereto, it is hereby:

    **ORDERED AND DECREED:** that Movant's Motion for Relief is _____

_____.

    **ORDERED AND DECREED:** that Respondent's Response to Movant's Motion for Relief and Respondent's New Matter is _____.

                             BY THE COURT:

                             _____
                                        J.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____X

FREEDOM MORTGAGE CORPORATION
*Debt Buyer and or Debt Collector*                     **VERIFICATION**
     *Movant*

    vs.                                                                      Case Number: 5:25-BK-00501-MJC
                                                                           Case Filed: February 27, 2025

Hericson Torres and Leigh Torres
*Record Owner*
     *Respondent*

_____X

## **VERIFICATION**

    Respondent's, Hericson Torres and Leigh Torres, *in propria persona*, being duly sworn deposes and says; That he and she have read the foregoing documents and know the contents thereof; That the same is true to his and her knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, he and she believe them to be true.

    Respondent's hereby verify that the facts set forth in the foregoing documents are true and correct to the best of his and her knowledge, information and belief.

    Respondent's understand that false statements made herein are subject to the penalties of 18 Pa C.S.A. § 4904, relating to unsworn falsification to authorities.

    WHEREFORE, the Respondent's, Hericson Torres and Leigh Torres, *in propria persona*, respectfully request that this Court deny Movant's Motion for Relief. The Respondent's further request any other relief that the Court deems just and proper.

        Date: March 27, 2025                _____
                                                        Respondent, Hericson Torres, *in propria persona*
                                                        325 Five Springs Road, Stroudsburg, PA 18360

        Date: March 27, 2025                _____
                                                        Respondent, Leigh Torres, *in propria persona*
                                                        325 Five Springs Road, Stroudsburg, PA 18360

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____X
FREEDOM MORTGAGE CORPORATION
*Debt Buyer and or Debt Collector*          **CERTIFICATION OF SERVICE**
      *Movant*

    vs.                                             Case Number: 5:25-BK-00501-MJC
                                                    Case Filed: February 27, 2025
Hericson Torres and Leigh Torres
*Record Owner*
      *Respondent*
_____X

## **CERTIFICATION OF SERVICE**

    Respondent's, Hericson Torres and Leigh Torres, *in propria persona*, hereby certify that a true and correct copy of the documents in this filing were sent by e-mail to the following parties:

Distribution List

cc: Jill E. Durkin, Trustee at jilldurkinesq@gmail.com

cc: United States Trustee at ustpregion03.ha.ecf@usdoj.gov

cc: Brent J. Lemon, Esq. at blemon@kmllawgroup.com

    WHEREFORE, the Respondent's, Hericson Torres and Leigh Torres, *in propria persona*, respectfully request that this Court deny Movant's Motion for Relief. The Respondent's further request any other relief that the Court deems just and proper.

Date: March 25, 2025          _____
                              Respondent, Hericson Torres, *in propria persona*
                              325 Five Springs Road, Stroudsburg, PA 18360

Date: March 25, 2025          _____
                              Respondent, Leigh Torres, *in propria persona*
                              325 Five Springs Road, Stroudsburg, PA 18360

RESPONDENT'S CAN BE CONTACTED VIA EMAIL AT HERICSON888@GMAIL.COM
OR BY CALL, TEXT OR VOICEMAIL AT 347-566-4877.

 **Outlook**

## No. 5:25-BK-00501-MJC: Respondent's Response to Movant's Motion for Relief

**From** 888 <hericson888@gmail.com>

**Date** Thu 3/27/2025 8:50 PM

**To** jilldurkinesq@gmail.com <jilldurkinesq@gmail.com>; ustpregion03.ha.ecf@usdoj.gov <ustpregion03.ha.ecf@usdoj.gov>; blemon@kmllawgroup.com <blemon@kmllawgroup.com>; hericson888@gmail.com <hericson888@gmail.com>

📎 1 attachment (173 KB)
Answer 1.2 New Matter to Movants Motion for Relief on 3-27-2025.pdf;

See attached New Matter to Movant's Motion for Relief.

This Response has been filed or will be filed today.

If you have any questions, please respond to this e-mail or call 347-566-4877.

Thank you,

<u>HERICSON</u>

*"Condemnation without investigation is the height of ignorance."* — Albert Einstein

---

**From:** 888
**Sent:** Tuesday, March 25, 2025 3:22 PM
**To:** jilldurkinesq@gmail.com; ustpregion03.ha.ecf@usdoj.gov; blemon@kmllawgroup.com; hericson888@gmail.com
**Subject:** No. 5:25-BK-00501-MJC: Respondent's Response to Movant's Motion for Relief

See attached Response and Exhibit A to Movant's Motion for Relief.

This Response has been filed or will be filed today.

If you have any questions, please respond to this e-mail or call 347-566-4877.

Thank you,

<u>HERICSON</u>

*"Condemnation without investigation is the height of ignorance."* — Albert Einstein